IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILIP P. CAPONE, III,

                  Petitioner,

v.                                                           OPINION & ORDER

CHIP MEISNER and                                    17-cv-781-jdp
STATE OF WISCONSIN,

                  Respondents.

---

Pro se petitioner Philip P. Capone, III seeks a writ of habeas corpus under 28 U.S.C. § 2254. Capone alleges that his extended supervision is being revoked in an administrative proceeding and contends that the revocation proceeding should be in court before the sentencing judge. Before the court screened Capone's petition, he filed numerous motions, so this order will address Capone's (1) original habeas petition, Dkt. 1, and amended habeas petition, Dkt. 5; (2) motion for expedited disposition, Dkt. 3; (3) motion for bail pending final decision, Dkt. 4, and amended motion for bail pending final decision, Dkt. 6; and (4) emergency motion to stay administrative and court proceedings, Dkt. 1-3, and renewed motion to stay administrative and court proceedings, Dkt. 5-3.

After reviewing Capone's submission, I conclude that Capone's petition has not identified a meritorious claim. The procedure for revoking one's extended supervision status need not be in court before a judge. I will deny Capone's petition on the merits, and all pending motions are denied as moot.

BACKGROUND

I draw the following facts from the original petition, Dkt. 1, the amended petition, Dkt. 5, and their exhibits.

In August 2015, Capone was convicted for his fourth operating while intoxicated (OWI) offense in Green Lake County. In March 2016, The circuit court for Green Lake County sentenced him to two years of imprisonment followed by three years of extended supervision. In November 2016, Capone was released from prison early after completing an early release program and was placed on extended supervision.

While on extended supervision, Capone got into "an argument and left for New York" in May 2017. Dkt. 5-1, at 4; *accord* Dkt. 5-4, at 1. He was arrested in New York for violating the terms of his extended supervision, and an administrative proceeding began for revoking his extended supervision. Capone had his final revocation hearing on September 25, 2017, and an attorney represented him at that hearing. Dkt. 5-4, at 3. He filed his original petition after the final revocation hearing, on October 13, 2017. Dkt. 1.

At the final revocation hearing, the government contended that Capone violated the terms of his extended supervision in three ways: (1) in March 2017, Capone physically assaulted a woman; (2) in May and June 2017, Capone violated the "no contact order that was place[d] between him and" the woman; and (3) in May 2017, Capone left Wisconsin without prior approval from his extended-supervision agent. *Id*. Capone admitted the second and third allegations, and the administrative law judge reviewed the evidence and found that Capone violated his probation by physically assaulting a woman, as alleged. *Id*.

ANALYSIS

A. Screening of the petitions

Capone has paid his five-dollar filing fee, so the next step is for me to screen Capone's original and amended habeas petitions. Dkt. 1 and Dkt. 5. Under Rule 4 of the Rules Governing Section 2254 Cases I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." I must read pro se petitions generously under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Capone's sole habeas claim raised in both of his petitions is that he is entitled to litigate in court before the sentencing judge, not in an administrative proceeding before an administrative law judge. He says:

> The court is required to . . . find that petitioner has a Fourth, Fifth, Sixth, and Fourteenth Amendment right to have the sentencing court Judge:
>
> ✓ Review the probation violation affidavit filed by the probation officer to determine, without delay, if probable cause exists to issue an arrest warrant and to attach a bond, if in custody;
>
> ✓ To conduct an initial appearance within 72 hours of being in custody alerting the petitioner of the alleged violation of his probation, of his right to be represented by counsel and that if he cannot afford to hire counsel that counsel would be appointed for him at state['s] expense, and to have bond set or modified;
>
> ✓ To provide petitioner an opportunity to file a pretrial motion to contest the sufficiency of the warrant, to suppress, or in limine, etc. for probable cause and final revocation proceedings;
>
> ✓ To conduct the adversarial probable cause hearing in the sentencing court, with counsel, to determine if probable cause was established to revoke petitioner's probation as

> alleged in the petitioner's probation officer's affidavit; and, if also,
>
> ✓ To conduct the final revocation hearing in the sentencing court with counsel.

Dkt. 5-1, at 4–5.

Capone is mistaken; the law does not require that a revocation of extended supervision follow the same procedure required a criminal prosecution. "[S]upervised release revocation hearings are not criminal prosecutions," *United States v. Neal*, 512 F.3d 427, 434 (7th Cir. 2008), and "the full panoply of rights due [to] a defendant in such a proceeding does not apply" to those proceedings, *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). One of the differences between a criminal prosecution and a supervised release revocation proceeding is that the supervision of the process "is not directly by the court but by an administrative agency." *Id*. The process must be supervised an "independent officer," but "[t]his independent officer need not be a judicial officer." *Id*. at 486; *accord Atkins v. City of Chicago*, 631 F.3d 823, 827 (7th Cir. 2011) ("Parole proceedings are traditionally administrative rather than judicial, so the hearing need not be held before a judicial officer."). Capone may not proceed on the theory that he was entitled to litigate his revocation before the sentencing judge in court.

Even though Capone does not identify it as his habeas claim, he states that "no administrative probable cause hearing was provided," Dkt. 5-1, at 4, which could mean that he had no preliminary hearing during the administrative proceeding. Under *Morrissey*, the government must provide after an arrest a preliminary hearing to determine whether "probable cause or reasonable ground" exists to believe that the parolee has violated the conditions of his parole. 408 U.S. at 485. But the right to a preliminary hearing is not absolute, and "courts have highlighted several situations in which a preliminary hearing is not required." *Hall v.*

*Kamin*, No. 08-cv-258, 2008 WL 4615045, at *2 (W.D. Wis. June 3, 2008) (collecting cases). In particular, a preliminary hearing need not take place if (1) the offender is not held in custody pending final revocation hearing; (2) a notice of revocation is filed while the offender is detained pursuant to another criminal charge or sentence imposed for a subsequent offense; and (3) the offender admits that he violated the conditions of his parole. *Id*.

I will assume that Capone did not have a preliminary hearing. But Capone's petition, even construed liberally, does not assert a claim based on the denial of a preliminary hearing. And when Capone got caught red-handed in New York, it was self-evident that Capone had violated the term of extended supervision that required him to stay in Wisconsin. Capone does not explain how he would have asserted a meritorious probable-cause challenge, or how he was prejudiced by the absence of a preliminary hearing. *Aleman v. Sternes*, 320 F.3d 687, 690 (7th Cir. 2003) ("Nothing in the [AEDPA] suggests that it is appropriate to issue writs of habeas corpus even though any error of federal law that may have occurred did not affect the outcome."). Capone's amended petition is denied on the merits.

**B. Other motions**

Along with his habeas petitions, Capone filed a motion for expedited disposition, Dkt. 3; a motion for bail pending final decision, Dkt. 4, and an amended motion for bail pending final decision, Dkt. 6, an emergency motion to stay administrative and court proceedings, Dkt. 1-3, and a renewed motion to stay administrative and court proceedings, Dkt. 5-3. Because I will deny Capone's petition on the merit, all these motions are moot.

**C. Certificate of appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of

appealability will not issue unless petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask for arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that petitioner has not made a showing, substantial or otherwise, that his custody violates clearly established federal law as decided by the Supreme Court. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Philip P. Capone, III's petition for a writ of habeas corpus, Dkt. 1, is DENIED.

2. All other pending motions are DENIED.

3. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered November 17, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge